Slip Op. 07-115

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | | |
|---|---|---|---|
| _____ | : | | |
| PS CHEZ SIDNEY, L.L.C., | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED STATES INTERNATIONAL | : | | |
| TRADE COMMISSION, and | : | | |
| UNITED STATES CUSTOMS | : | | |
| SERVICE, | : | Before: | WALLACH, Judge |
| | : | Court No.: | 02-00635 |
| Defendants, | : | | |
| | : | | |
| and | : | | |
| | : | | |
| CRAWFISH PROCESSORS | : | | |
| ALLIANCE, et al., | : | | |
| | : | | |
| Defendant-Intervenors. | : | | |
| _____ | : | | |

[Defendant's Motion for Rehearing is PARTIALLY GRANTED and PARTIALLY DENIED.]

Dated: July 26, 2007

Wolff Ardis, P.C. (William E. Brown) for Plaintiff PS Chez Sidney, L.L.C.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David S. Silverbrand and Paul D. Kovac); Office of the General Counsel, United States International Trade Commission (David A.J. Goldfine, Michael Diehl and Neal J. Reynolds); and (Charles Steuart and Ellen C. Daly), United States Customs and Border Protection; for Defendant United States International Trade Commission and United States Customs and Border Protection.

Adduci, Mastriani & Schaumberg, LLP (Will Ernest Leonard and John Charles Steinberger) for Defendant-Intervenors Crawfish Processors Alliance, Louisiana Department of Agriculture and Forestry, and Bob Odom, Commissioner.

Arnold & Porter (Michael T. Shor and Claire E. Reade) for Giorgio Foods, Inc., appearing amicus curiae in support of Plaintiff.

Sonnenschein Nath & Rosenthal (Michael A. Bamberger, Howard H. Weller, and Stephen L. Gibson) for INA USA Corporation, appearing amicus curiae in support of Plaintiff.

Collier Shannon Scott, PLLC (David A. Hartquist) Special Counsel to the Committee to Support U.S. Trade Laws; Stewart and Stewart (Terence P. Stewart); and Douglas W. Kmiec, for The Committee to Support U.S. Trade Laws, appearing amicus curiae in support of Defendant.

## OPINION

**Wallach, Judge:**

### I
### INTRODUCTION

Defendant United States moves for reconsideration of this court's decision in PS Chez Sidney L.L.C. v. United States Int'l Trade Comm'n, 442 F. Supp. 2d 1329 (CIT 2006), which granted Plaintiff's First Amendment claims and denied Plaintiff's other claims in its Motion for Summary Judgment, and granted Defendant's Motion for Summary Judgment on all claims except for Plaintiff's First Amendment claims.[1]  Plaintiff does not oppose this Motion.

Defendant requests that the court vacate its certification on the issues of severability of the statute and damages and set a briefing schedule upon these issues.  The court denies Defendant's request for rebriefing.  The issues have already been briefed by the parties.  The court will not vacate its prior decision, but this opinion will amend it to resolve the issues of severability and damages.  The court finds severability and remands to the agency concerning damages.

---

[1] Plaintiff's Complaint contains two claims, one alleging that Plaintiff is an eligible domestic producer under the Continued Dumping and Subsidy Act ("CDSOA"), and the other alleging that the CDSOA violates its First Amendment right to free speech under the Constitution. Complaint ¶¶ 25-27, Chez Sidney, 442 F. Supp. 2d 1329.

**II**
**BACKGROUND**

In <u>Chez Sidney</u>, this court held the support requirement of the Continued Dumping and

Subsidy Offset Act ("CDSOA" or "Byrd Amendment")[2] unconstitutional as violative of the First

Amendment right to free speech. <u>Chez Sidney</u>, 442 F. Supp. 2d at 1333.  No provision for

severability or remedies was made because the court certified these issues for appeal to the Court

of Appeals for the Federal Circuit pursuant to USCIT R. 54(b).  Familiarity with this court's

prior opinion is presumed.

**III**
**STANDARD OF REVIEW**

USCIT R. 59(a)(2) permits a rehearing for any of the reasons for which rehearings have

been granted in suits in equity in United States courts.  In deciding whether to grant or deny a

motion for rehearing, the court may use its discretion. <u>Xerox Corp. v. United States</u>, 20 CIT 823,

823 (1996).  The purpose of a rehearing is not to relitigate the merits of the case. <u>Intercargo</u>

<u>Insurance Co. v. United States</u>, 20 CIT 951, 952, 936 F. Supp. 1049 (1996).  A court will grant a

rehearing only in limited circumstances, including: 1) an error or irregularity; 2) a serious

evidentiary flaw; 3) the absence of new evidence which even a diligent party could not have

discovered in time; or 4) an accident, unpredictable surprise or unavoidable mistake which

impaired a party's ability to adequately present its case. <u>Kerr-McGee Chem. Corp. v. United</u>

<u>States</u>, 14 CIT 582, 583 (1990) (quoting <u>United States v. Gold Mountain Coffee, Ltd.</u>, 8 CIT 336,

336-37, 601 F. Supp. 212 (1984)).

___

[2] 19 U.S.C. § 1675c (2000), Pub. L. No. 106-387, Title X § 1002, 114 Stat. 1549, <u>repealed by</u> Pub. L. No. 109-171, Title VII Subtitle F § 7601(a), 120 Stat. 154 (2006).

**IV**
**DISCUSSION**
**A**
**Defendant's Arguments in its Motion for Reconsideration**

Rule 54(b) states that when numerous claims for relief are presented, the court may direct final judgment on fewer than all of the claims only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." USCIT R. 54(b) (emphasis added). Defendant argues that the requirements of Rule 54(b) have not been met. Defendant's Rule 59 Motion for Rehearing ("Defendant's Motion") at 2. Defendant cites Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742, 96 S. Ct. 1202, 47 L. Ed. 2d 435 (1976) and W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 862 (Fed. Cir. 1992), for the proposition that "[a] mere 'recital' of the phrases required by the rule does not suffice to render a partial judgment appealable." Defendant's Motion at 3. Defendant further argues that because Plaintiff's claim has not been fully decided and there is no reason to hold that there is "no just cause for delay," the Federal Circuit lacks jurisdiction to review an appeal. Id. at 4.

Defendant also argues that Chez Sidney is not a final judgment with respect to Plaintiff's constitutional claim and therefore Rule 54(b) does not apply. Id. Chez Sidney, Defendant argues, leaves unresolved Plaintiff's request for a declaratory judgment, an injunction, and damages in the amount of the distribution it would have been entitled to if it were determined to be an affected domestic producer. Id. at 6-7.

Alternatively, Defendant argues that even if Chez Sidney was a final judgment, there has been no finding that there is "no just cause for delay." Id. at 7.

Plaintiff requests that if the court grants Defendant's Motion, it issue a supplemental opinion resolving the issues of severability and damages. Plaintiff PS Chez Sidney, L.L.C.'s Reply Brief to Defendant's Rule 59 Motion for Rehearing ("Plaintiff's Response") at 2. Plaintiff adds that these issues have already been briefed. Id.

The Defendant's Motion for Rehearing is well taken.  The court erred in its issuance of a 54(b) certification to permit a speedy appeal.  Accordingly, it considers the issues of severability and damages in the following analysis.

**B**
**Severability**

Plaintiff argued in its original First Amendment Brief that the "expression of support" eligibility requirements in §§ 1675c(b)(1)(A) and 1675c(d)(1)[3] are severable from the statute

---

[3] An "affected domestic producer" is described in 19 U.S.C. § 1675c(b)(1)(A) as:

> a petitioner or interested party in support of the petition with respect to which an antidumping duty order . . . has been entered.

19 U.S.C. § 1675c(b)(1)(A) (emphasis added).

The description of parties eligible for distribution of antidumping and countervailing duties assessed in § 1675c(d)(1) states:

> The Commission shall forward to the Commissioner within 60 days after the effective date of this section in the case of orders or findings in effect on January 1, 1999, or thereafter, or in any case, within 60 days after the date an antidumping or countervailing duty order or finding is issued, a list of petitioners and persons with respect to each order and finding and a list of persons that indicate support of the petition by letter or through questionnaire response . . . .

19 U.S.C. § 1675c(d)(1) (emphasis added).

without altering the statute's overriding purpose to aid injured members of domestic industry.[4]

Brief on First Amendment Issue by Plaintiff PS Chez Sidney, L.L.C. ("Plaintiff's 1st Am. Brief")

at 21.  Plaintiff proposes severing from the "affected domestic producer" definition in

§ 1675c(b)(1)(A) the line reading "was a petitioner or interested party in support of the petition."

Id. at 22; see 19 U.S.C. § 1675c(b)(1)(A).  From the subsection describing the eligible

beneficiaries for the affected domestic producers list in § 1675c(d)(1), Plaintiff suggests deleting

"petitioners and persons with respect to each order and finding and a list of persons that indicate

support of the petition by letter or through questionnaire response." Id.; see 19 U.S.C. §

1675c(d)(1).

Defendant United States Customs and Border Protection ("Customs") argues that the

support provision of the CDSOA is severable, resulting in a narrowing of the eligible class of

affected domestic producers to only the petitioners. Defendant's, United States Customs Service,

---

[4] Amicus INA USA Corporation argues that the support provision is not severable from the remainder of the CDSOA because it is "so central" to the operation of the statute. Amicus Brief of INA USA Corporation as to First Amendment Issues at 22.

Amicus Giorgio Foods, Inc. argues that the CDSOA is severable because absent the unconstitutional support provision, the statute is still consistent with the Congressional purpose of enhancing the remedial effect of the antidumping and countervailing duty statutes. Amicus Curiae Brief of Giorgio Foods, Inc. at 26-27.  The statute's legislative history also does not indicate that Congress intended to affect speech. Id. at 27-28.

Amicus The Committee to Support U.S. Trade Laws ("CSUSTL") argues that deleting the language "in support of the petition" from § 1675c(b)(1)(A), and "a list of persons that indicate support of the petition by letter or through questionnaire response" from § 1675c(d)(1), would excise the disputed language from the statute. Brief of Amicus Curiae, [CSUSTL] at 44. Like Defendant, CSUSTL proposes severing the statute in such a way that would narrow the eligible group of beneficiaries to only the petitioners. Id. at 44.  CSUSTL further argues that Plaintiff and amicus Giorgio's suggestions are overbroad and out of line with Supreme Court precedent holding that courts should "refrain from invalidating more of a statute than is necessary." Id. at 45 (quoting Alaska Airlines Inc. v. Brock, 480 U.S. 678, 684, 107 S. Ct. 1476, 94 L. Ed. 2d 661 (1987)).

Supplemental Brief in Support of the Constitutionality of the Continued Dumping and Subsidies

Offset Act ("Defendant's 1st Am. Response") at 44.  Defendant nonetheless says that the

CDSOA would still fulfill Congressional intent to remedy the ill effects of dumping. Id.

> Moreover, the overall goals of restoring free trade and remedying the ill-effects of
> foreign dumping and subsidization would still be met should severance occur.

Id.  The court, Defendant continues, is prohibited from enlarging the scope of the beneficiary

class in severing the provision from the statute. Id. at 45 (citing Office of Pers. Mgmt. v.

Richmond, 496 U.S. 414, 424-45, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990) (finding that money

cannot be removed from the Treasury absent Congressional allocation)).  Defendant further

argues that the beneficiary class after severance can only become smaller. Id.  From the "affected

domestic producer" definition in 19 U.S.C. § 1675c(1)(A), Defendant proposes deleting

"interested party in support of the petition." Id. at 44.  From the subsection concerning the list of

affected domestic producers, Defendant suggests deleting "list of persons that indicate support of

the petition by letter or through questionnaire response." Id.; see 19 U.S.C. § 1675c(d)(1).

When faced with an unconstitutional provision, "the presumption is in favor of

severability." Regan v. Time, Inc., 468 U.S. 641, 653, 104 S. Ct. 3262, 82 L. Ed. 2d 487 (1984).

The general test for determining whether severability is permissible is two-pronged: 1) if the

legislature would have enacted the remaining provisions without the unconstitutional portion and

2) if the remaining provisions can function independently, consistent with legislative intent.

Alaska Airlines, Inc., 480 U.S. at 684-85.  "Whenever an act of Congress contains

unobjectionable provisions separable from those found to be unconstitutional, it is the duty of

this court to so declare, and to maintain the act in so far as it is valid." Regan, 468 U.S. at 652

(quoting El Paso & Ne. Ry. Co. v. Gutierrez, 215 U.S. 87, 96, 30 S. Ct. 21, 54 L. Ed. 106

(1909)).  Consequently, "[u]nless it is evident that the Legislature would not have enacted those

provisions which are within its power, independently of that which is not, the invalid part may be

dropped if what is left is fully operative as a law." Id. (quoting Buckley v. Valeo, 424 U.S. 1,

108, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976) (per curiam)).  The relevant inquiry for the court is

whether the statute will "function in a manner consistent with the intent of Congress." Alaska

Airlines, Inc., 480 U.S. at 685; see also Carnival Cruise Lines, Inc. v. Untied States, 200 F.3d

1361, 1367 (Fed. Cir. 2000).  In severing a statute, the court "should refrain from invalidating

more of the statute than is necessary." Regan, 468 U.S. at 652.

Subsequent to Chez Sidney, the court issued SKF v. United States, 451 F. Supp. 2d 1355

(CIT 2006), in which the court made a provision for remedies in a similar case holding the

CDSOA unconstitutional, albeit on different Constitutional principles.  The court in SKF found

the expression of support provision "easily severable from the rest of the CDSOA and [that

severing] will not render the statute useless." Id. at 1365.  This court agrees with SKF that

unconstitutional portions of the CDSOA are indeed severable from the remaining provisions of

the statute. See id.

Supreme Court precedent cautions courts both not to enlarge the scope of a statute when

severing offending portions and not to invalidate more than is necessary. See Office of Pers.

Mgmt., 496 U.S. at 424-25; Regan, 468 U.S. at 652-53.  In this court's prior decision, no

necessary connection between support for an antidumping petition and harm to a domestic

producer was found in the support question contained in the United States International Trade

Commission ("ITC") requirement and the court found the requirement simultaneously over and

under inclusive. <u>Chez Sidney</u>, 442 F. Supp. 2d at 1358.

The offending language in the statutory definition of an "affected domestic producer" is "in support of the petition." 19 U.S.C. § 1675c(b)(1)(A).  The deletion of this text from the subsection of the statute removes the unconstitutional language while fulfilling the Congressional purpose of remedying the injurious effects of dumping on domestic producers. <u>See, e.g.</u>, 146 Cong. Rec. H9708 (daily ed. October 11, 2000) (statement of Rep. Nancy Johnson).  The new definition of "affected domestic producer" in § 1675c(b)(1)(A) is thus a

> petitioner or interested party[5] in ~~support of~~ the petition with respect to which an antidumping duty order, a finding under the Antidumping Act of 1921, or a countervailing duty order has been entered . . . .

19 U.S.C. § 1675c(b)(1)(A) (strikeout portions indicate deleted text).  With this modification, the eligible group of beneficiaries of CDSOA offset distributions now includes affected domestic producers of the like product who are petitioners or interested parties[6] in the antidumping investigation.[7]  The CDSOA can still be administered the same way.

The support requirement is also mentioned in § 1675c(d)(1), in the subsection that directs

_____

[5] An interested party, which is defined in 19 U.S.C. § 1677(9), includes any affected domestic producer.  For purposes of CDSOA distributions, an "interested party" is defined by statute as "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. § 1677(9)(C).  The term "domestic like product" is defined in § 1677(10) as "a product which is like, or in the absence of like, most similar in the characteristics and uses with, the article subject to an investigation under this title."

[6] See definition of interested parties, <u>supra</u>, note 5.

[7] Only "affected domestic producers" who are "interested parties" located within the United States are eligible to receive CDSOA offset distributions because 1) the term "affected <u>domestic</u> producer" is listed in the statute, 19 U.S.C. § 1675c(b)(1) (emphasis added), and 2) each potentially eligible affected domestic producer must file a certification with the ITC after publication of the list of eligible affected domestic producers, stating that it is "eligible to receive the distribution as an affected <u>domestic</u> producer," 19 U.S.C. § 1675c(d)(2)(B) (emphasis added).

the ITC to forward the list of eligible affected domestic producers to Customs.  The phrase "and

a list of persons that indicate support of the petition by letter or through questionnaire response"

must be stricken from that provision in order for the statute to pass Constitutional muster. 19

U.S.C § 1675c(d)(1).  The new statutory language in § 1675c(d)(1) reads, in pertinent part:

> The Commission shall forward to the Commissioner . . . a list of petitioners and persons[8] with respect to each order and finding ~~and a list of persons that indicate support of the petition by letter or through questionnaire response~~.  In those cases in which a determination of injury was not required or the Commission's records do not permit an identification of those in ~~support of~~ a petition, the Commission shall consult with the administrating authority to determine the identity of the petitioner and those domestic parties . . . .

19 U.S.C. § 1675c(d)(1) (strikeout portions indicating deleted text).  With the deletion of the

unconstitutional language, all "affected domestic producers" who are either petitioners or

interested parties in an antidumping petition are eligible to be included on the ITC's list for

CDSOA offset distributions.  This subsection may otherwise be administered in the same manner

as before.

## C
### Damages

In its Complaint, Plaintiff originally sought to be added to the list of affected domestic

producers pursuant to the CDSOA to be eligible for an offset distribution in fiscal year 2002.[9]

---

[8] "Persons" shall be interpreted as including interested parties. See note 5.

[9] Plaintiff also sought a preliminary injunction enjoining Customs from "distributing, returning to the general fund, or otherwise transferring or disposing" of Chez Sidney's pro rata share of antidumping duties collected on crawfish tail meat from China in fiscal year 2002, which was denied by this court because of its failure to demonstrate irreparable harm. Plaintiff's Motion for Preliminary Injunction at 1; see PS Chez Sidney v. United States Int'l Trade Comm'n, Court No. 02-00635 (November 8, 2002) (Order denying Plaintiff's Motion for Preliminary Injunction).

Complaint ¶¶ 1, 35.  It alternatively sought in its prayer for relief damages in the amount of the

offset distributions to which it would be entitled if it was determined to be eligible, whether from

antidumping duties already distributed or still maintained in the general fund. Id. ¶13.

Chez Sidney was denied CDSOA offset distributions and inclusion on the "affected

producer" list by both Customs and the ITC for fiscal year 2002 because its final questionnaire

response did not demonstrate the requisite support. Chez Sidney, 442 F. Supp. 2d at 1334-35.

Those agency determinations were guided by an unconstitutional provision in the statute.  With

the support requirement now removed from the "affected domestic producer" definition, the

grounds for Customs' and the ITC's decisions will not suffice. See SKF, 451 F. Supp. 2d at

1366.

Accordingly, Chez Sidney is eligible to be included on the ITC's list of "affected

domestic producers" because it participated in the antidumping investigation of Freshwater

Crawfish Tail Meat From the People's Republic of China; Initiation of Antidumping

Investigation, 61 Fed. Reg. 54,154, 54,155 (October 17, 1996).  The court remands this matter to

both the ITC and Customs, respectively.  First the ITC must determine if Chez Sidney meets all

other requirements to qualify as an affected domestic producer.  If it determines this question in

the affirmative, then Customs shall assess the sufficiency of Chez Sidney's claim and, if

appropriate, include it among the eligible producers for fiscal year 2002.  If Chez Sidney has

applied for offset distributions in subsequent fiscal years, the ITC and Customs shall redetermine

as appropriate Chez Sidney's eligibility for distributions for those fiscal years.  As in SKF,

Customs is directed to determine how Chez Sidney shall receive its pro rata share, if any, of the

2002 CDSOA disbursements. See SKF, 451 F. Supp. 2d at 1366.

**V**

**Conclusion**

This matter is remanded to the ITC and Customs to add Chez Sidney to the list of

domestic producers eligible for CDSOA offset distributions for fiscal year 2002.  The court holds

that "support of,"  the unconstitutional language of the CDSOA, is hereby severed from the

remainder of the statute.


                                                      _/s/ Evan J. Wallach_____

                                                      Evan J. Wallach, Judge


Date:   July 26, 2007
         New York, New York

12

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

PS CHEZ SIDNEY, L.L.C.,                        :
                                               :
                 Plaintiff,                    :
                                               :
        v.                                     :
                                               :
UNITED STATES INTERNATIONAL                    :
TRADE COMMISSION, and                          :
UNITED STATES CUSTOMS                          :
SERVICE,                                       :        Before:      WALLACH, Judge
                                               :        Court No.:    02-00635
                 Defendants,                   :
                                               :
        and                                    :
                                               :
CRAWFISH PROCESSORS                            :
ALLIANCE, et al.,                              :
                                               :
                 Defendant-Intervenors.        :
_____ :

ORDER AND JUDGMENT

        Upon consideration of Defendant's Motion for Rehearing ("Defendant's Motion"); the court having reviewed all pleadings and papers on file herein, and good cause appearing therefor, it is hereby

        ORDERED that Defendant's Motion is GRANTED with regard to its request that the court vacate its certification on the issues of severability of the statute and damages, and DENIED with regard to its request for rebriefing; and it is further

        ORDERED that this matter is remanded to the United States International Trade Commission and the United States Customs and Border Protection to redetermine PS Chez Sidney, L.L.C.'s eligibility for disbursements under the Continued Dumping and Subsidy Offset Act, and to determine how Plaintiff shall receive its pro rata share, if eligible.


                                _/s/ Evan J. Wallach_____
                                    Evan J. Wallach, Judge


Dated: July 26, 2007
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                        Deputy Clerk